UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL ANN WALLS GERRINGER,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. C17-620-TSZ

**ORDER AFFIRMING COMMISSIONER'S FINAL DECISION**

Carol Ann Walls Gerringer seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Ms. Walls Gerringer contends the ALJ erred by (1) rejecting the opinion of her treating physician, Jack Goldman, M.D.; (2) rejecting her own symptom testimony; and (3) rejecting the testimony of two lay witnesses. Dkt. 9 at 1. As relief, Ms. Walls Gerringer contends this matter should be reversed and remanded for payment of benefits. *Id.* As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the matter with prejudice.

## BACKGROUND

On October 28, 2013, Ms. Walls Gerringer applied for benefits, alleging disability as of June 30, 2013. Tr. 13. Her applications were denied initially and on reconsideration. Tr. 13.

After the ALJ conducted a hearing on March 18, 2015, she issued a decision finding Ms. Walls Gerringer not disabled. Tr. 13-19.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Ms. Walls Gerringer has not engaged in substantial gainful activity since June 30, 2013, the alleged onset date.

**Step two:** Ms. Walls Gerringer has the following severe impairments: colitis.

**Step three:** This impairment does not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Ms. Walls Gerringer can perform light work. She is able to lift or carry up to 20 pounds occasionally and up to 10 pounds frequently. She can stand or walk for approximately 6 hours, and sit for approximately 6 hours per 8 hour work day with normal breaks. She can frequently climb ramps or stairs. She can never climb ladders, ropes or scaffolds. She can frequently stoop. She must avoid moderate exposure to workplace hazards such as dangerous machinery or working at unprotected heights. She needs access to a restroom on the worksite and may need to take a brief break to use the bathroom at least once between each normally scheduled break, so once very hour.

**Step four:** Ms. Walls Gerringer can perform past relevant work as a buyer and print shop supervisor and, as such, is not disabled.

**Step five:** Because the ALJ found Ms. Walls Gerringer not disabled at step four, she did not reach step five.

Tr. 13-19. The Appeals Council denied Ms. Walls Gerringer's request for review making the ALJ's decision the Commissioner's final decision. Tr. 1-6.[3]

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER AFFIRMING COMMISSIONER'S
FINAL DECISION - 2

# DISCUSSION

**A.  Medical Evidence**

Ms. Walls Gerringer argues the ALJ erred in discounting Dr. Goldman's treating opinion. The Court disagrees.

Dr. Goldman acted as Ms. Walls Gerringer's treating physician for several years, primarily treating her for colitis. In May 2014, Dr. Goldman submitted a medical assessment form in which he listed collegenous colitis as a diagnosis and indicated Ms. Walls Gerringer's prognosis was fair to poor. Tr. 328-330. Dr. Goldman indicated that Ms. Walls Gerringer experienced symptoms of pain, fatigue, and a sense of urgency requiring frequent trips to the bathroom which would interfere with her attention and concentration. *Id.* He indicated that if Ms. Walls Gerringer were placed in a competitive job, she would be unable to be exposed to or perform the following aspects of workplace stress: public contact, routine, repetitive tasks at consistent pace, detailed or complicated tasks, strict deadlines, close interaction with coworkers/supervisors, fast paced tasks (e.g. production line), office meeting attendance and travel. *Id.* He stated that Ms. Walls Gerringer could walk three city blocks without rest or severe pain, she could stand for 30 minutes at a time and could sit and stand or walk less than 2 hours in an 8 hour workday. *Id.* He indicated Ms. Walls Gerringer would likely need to take unscheduled restroom breaks more than 10 times in an 8 hour workday, and would need to take 2 additional 10 minute breaks to lie down, change soiled clothing or rest at unpredictable intervals during an average workday due to bowel incontinence, abdominal pain, weakness and fatigue. *Id.* Dr. Goldman stated Ms. Walls Gerringer could frequently lift less than 10 pounds, occasionally lift 10 and 20 pounds and never lift fifty pounds. *Id.* He estimated that, on average, Ms. Walls Gerringer would be absent from work three days a month. *Id.*

Where a treating doctor's opinion is not contradicted by another doctor, it may only be rejected for "clear and convincing" reasons. *Baxter v Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Even if a treating physician's opinion is controverted, the ALJ must provide specific, legitimate reasons for rejecting it. *Id.*

Here, the ALJ discounts Dr. Goldman's opinion as "overly restrictive," submitted in "check-box" form, and inconsistent with Ms. Walls Gerringer's activities. Tr. 18; *see* "Medical Assessment Form" Tr. 328-30. An ALJ may discount a treating physician's opinion that is conclusory, brief and unsupported by the record as a whole, or by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996) (finding ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made permissible). Furthermore, an ALJ may also discount a medical opinion that is inconsistent with a claimant's demonstrated activities. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–02 (9th Cir.1999) (considering an inconsistency between a treating physician's opinion and a claimant's daily activities a specific and legitimate reason to discount the treating physician's opinion).

Here, as the ALJ notes, Dr. Goldman's report is submitted in check-box form and the report itself includes very little explanation as to the basis for the severe limitations assessed in his opinion. Tr. 18. Ms. Walls Gerringer argues that the ALJ does not discuss any aspects of Dr. Goldman's treatment notes or cite any inconsistencies between his opinion and his treatment notes. Dkt. 9 at 5-6. However, the Court notes that Ms. Walls Gerringer does not herself identify aspects of Dr. Goldman's treatment notes that provide further explanation or support for the severe restrictions contained in his opinion nor, in reviewing the treatment notes, does the Court find such additional supporting explanation. *See Molina v. Astrue*, 674 F.3d 1104 (9th Cir.

2012) (The person seeking review of the ALJ's determination has the burden of showing that the ALJ committed harmful error.). Accordingly, under the circumstances, the Court finds the ALJ reasonably discounted Dr. Goldman's opinion as conclusory, brief and unsupported by the record as a whole, or by objective medical findings.

The ALJ also notes that Ms. Walls Gerringer acknowledges she was actively looking for work during her alleged period of disability. Tr. 18, 43 (plaintiff testifying she was actively looking for a job during the period from February 2013 to December 2013).[4] Moreover, as noted elsewhere in the opinion, there is evidence that Ms. Walls Gerringer in fact engaged in temporary work for a period in late 2013 (during her alleged period of disability), and that the job ended for reasons unrelated to her alleged disability i.e. lack of work. Tr. 17, 292. The ALJ could reasonably find the fact that Ms. Walls Gerringer was actively searching for work, and in fact demonstrated she was capable of engaging in temporary work for a period of time during the subject period, inconsistent with Dr. Goldman's opinion regarding her significant and disabling level of limitation, e.g., she is "unable to sit/stand for even 4 hours in an 8 hour workday and will need to lay-down up to 50% of the time, etc." Tr. 18, 328-330.

Accordingly, the ALJ did not err in discounting Dr. Goldman's opinion.[5]

---

[4] Ms. Walls Gerringer contends there is nothing in the record that discusses the activeness of her job search throughout the relevant period. Dkt. 14 at 4. However, the record does indicate that she acknowledged actively looking for work during that relevant period. Tr. 43.

[5] The Court notes that, in discounting Ms. Walls Gerringer's testimony, the ALJ notes that Dr. Goldman found Ms. Walls Gerringer may be unable to work "if she doesn't take her medication as prescribed" and that "the claimant is capable of performing past relevant work as long as she takes recommended/prescribed medications and maintains a healthy diet." Tr. 17, 18. The Court is unable to locate these specific statements from Dr. Goldman in his treatment notes. The ALJ cites generally to exhibits 2F and 3F but in reviewing these exhibits the Court is unable to identify what statements the ALJ is referring to. The Commissioner's brief also fails to cite to the specific location in the record of these statements by Dr. Goldman. However, the Court need not specifically reach the validity of this finding as the ALJ gave several other specific and legitimate reasons for discounting Dr. Goldman's opinion and, as noted below, gave several clear and convincing reasons for discounting Ms. Walls Gerringer's testimony. *See Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an

ORDER AFFIRMING COMMISSIONER'S
FINAL DECISION - 5

**B.     Ms. Walls Gerringer's Testimony**

The ALJ found the medical evidence of Ms. Walls Gerringer's underlying impairments might reasonably produce the symptoms alleged and did not find that Ms. Walls Gerringer was malingering. Tr. 17. Consequently, the ALJ was required to provide specific, clear and convincing reasons for rejecting Ms. Walls Gerringer's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015). If the ALJ's reasons for discounting a claimant's subjective symptom testimony are supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Here, the ALJ properly discounted Ms. Walls Gerringer's testimony based on evidence that she actively sought out employment during that period, that she worked during the period of alleged disability, and that her employment ended for reasons unrelated to her alleged disability. Tr. 17.

Evidence that a claimant has sought out employment or worked during the period of claimed disability may be considered in evaluating her credibility. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (finding the ALJ properly considered that the claimant had recently worked as a personal caregiver and had sought out employment since then in discounting her credibility). An ALJ may also discount a claimant's testimony as inconsistent with her demonstrated activities. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007)

Here, the ALJ pointed out that Ms. Walls Gerringer stopped working, not due to her disability, but because she was laid off in February 2013. Tr. 17. The ALJ also noted that Ms. Walls Gerringer continued to actively seek employment during the period she claimed to be disabled. *Id.* Moreover, the ALJ noted that Ms. Walls Gerringer had, in fact, done some

---

erroneous reason, among other reasons for discounting a claimant's testimony, is at most harmless error if the other reasons are supported by substantial evidence and the erroneous reason does not negate the validity of the overall determination).

temporary work in the third and fourth quarters of 2013, and that the record shows her employment ended in October 2013 (during her period of alleged disability) due to lack of work, not due to her alleged disability. *See Drouin v. Sullivan,* 966 F.2d 1255, 1258 (9th Cir. 1992) (the ability to maintain employment "with a fair amount of success" during an alleged period of disability is a valid reason to discredit plaintiff's claim of disability); Tr. 17, 292.

The ALJ could reasonably find this evidence inconsistent with Ms. Walls Gerringer's allegations of significantly disabling symptoms commencing in June 2013. For instance, Ms. Walls Gerringer testified that, due to her symptoms, she was basically immobile and rarely left her home. Tr. 49. The Court cannot say it was unreasonable for the ALJ to find Ms. Walls Gerringer's testimony regarding the severity and degree of limitation caused by her symptoms inconsistent with her active employment search and evidence showing she was able to work outside the home, even temporarily, during her alleged period of disability. *See Molina*, 674 F.3d at 1112 ("Even where those activities suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir 2001) (where an ALJ's interpretation of the evidence is reasonable and supported by substantial evidence the Court must uphold the ALJ's determination even if there are reasonable alternative interpretations); *Thomas*, 278 at 959 (If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing.).[6]

---

[6] The ALJ also gave several other reasons for discounting Ms. Walls Gerringer's testimony. However, the Court need not address these other reasons in detail because, even if erroneous their inclusion is harmless as they do not negate the ALJ's other valid reason for discounting Ms. Walls Gerringer's testimony. *See Carmickle*, 533 F.3d at1162 (including an erroneous reason, among other reasons for discounting a claimant's testimony, is at most harmless error if the other reasons are supported by substantial evidence and the erroneous reason does not negate the validity of the overall determination).

ORDER AFFIRMING COMMISSIONER'S
FINAL DECISION - 7

Accordingly, the ALJ did not err in discounting Ms. Walls Gerringer's symptom testimony.

**C.    Lay Evidence**

Ms. Walls Gerringer contends the ALJ erred in evaluating the lay witness testimony of Alvin Heckard and Sharlot Burkenbinen. Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). In order to discount competent lay witness testimony, the ALJ "must give reasons that are germane to each witness," *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Mr. Heckard testified that he had been living with Ms. Walls Gerringer for several months. Tr. 54. He testified that since she had lived with him he had observed her constant need to go back and forth to the bathroom, estimating that she needed to do so 20 times or more per day. Tr. 55. He testified that he does the shopping because he can't plan to take Ms. Walls Gerringer anywhere unless they know there is a bathroom. Tr. 56. He testified that he can see she is in pain and that he believes she has been getting worse since she has been living with him as she continues to need to use the bathroom frequently long into the night. Tr. 57. Ms. Burkenbinen testified that she is neighbors with Ms. Walls Gerringers and typically sees her a couple times a day. Tr. 67. She notes that "in the morning [Ms. Walls Gerringer] is pretty weak and distraught because of her disease, because she is always going to the bathroom." *Id.* She testified that Ms. Walls Gerringer was unable to eat anything in the mornings because she was worried about having to go to the bathroom. Tr. 68. She testified that Ms. Walls Gerringer did not really go anywhere or do anything and that she worries about her because she's upset she had to move in and become dependent on Mr. Heckard. Tr. 69.

The ALJ gives "partial weight" to the statements of Mr. Heckard and Ms. Burkenbine to the extent that she finds that Ms. Walls Gerringer should be limited to light work. Tr. 18. However, the ALJ discounts the lay witness testimony to the extent it imposes greater limitations as inconsistent with the medical evidence. *Id.* Specifically, the ALJ notes that "Dr. Hale, by contrast [to the lay witnesses], opines that the claimant does not have any exertional limitations."[7] *Id.* Inconsistency with the medical evidence is a germane reason to discount lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Accordingly, the Court finds the ALJ reasonably discounted the lay witness testimony on this basis and her finding is affirmed.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 5th day of March, 2018.

Thomas S. Zilly
United States District Judge

---

[7] The ALJ gives great weight to the State Agency consulting opinion of Gordon Hale, M.D., that Ms. Walls Gerringer is not disabled. Tr. 18; 97.

ORDER AFFIRMING COMMISSIONER'S
FINAL DECISION - 9